**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
West Palm Beach Division
www.flsb.uscourts.gov

**In Re:**

**BARTHOLOMEW F. CASO,**                    **Case No. 13-12673-BKC-MAM[1]**

　　　　**Debtor.**                         **Chapter 11 Case**
_____/

**AMALIA ELIZABETH CASO,**                  **Case No.: 16-10666-BKC-MAM**

　　　　**Debtor.**
_____/


**THIRD AMENDED PLAN OF REORGANIZATION**
**BY BARTHOLOMEW and AMALIA CASO**
**DATED August 28, 2018**


**THE ASSOCIATES**

**David Lloyd Merrill, Esq.**
1525 Prosperity Farms Road, Suite B
West Palm Beach, Florida 33403
Phone: +1.561.877.1111
**Attorneys for Bartholomew and Amalia Caso**

_____

[1]  These cases are jointly administered in accordance with this court's Order dated February 25, 2016 at DE #373.

# ARTICLE I
# SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Bartholomew F. Caso and Amalia E. Caso (the "Debtors") from cash flow from future earnings.    This Plan provides for **twenty-four classes of secured claims and two unsecured classes**.  Unsecured creditors holding allowed claims will receive distributions, which the proponents of this Plan have valued at approximately 7.5 cents on the dollar.  This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# ARTICLE II
# CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   <u>Class 1(a)</u>.   Class 1(a) consists of the Allowed Secured Claims of Wells re: 511 Cypress Crossing

2.02   <u>Class 1(b)</u>.   Class 1(b) consists of the Undersecured Claim Wells Re: 511 Cypress Crossing

2.03   <u>Class 2</u>.   Class 2 consists of the Allowed Secured Claim SLS Re: 3261 SW 21st Street

2.04   <u>Class 3</u>.   Class 3 consists of the Allowed Secured Claim of Wells re: 1610 N Federal Highway

2.05   <u>Class 4</u>.   Class 4 consists of the Allowed Secured Claim of Wells re: 2901 N Halifax

2.06   <u>Class 5</u>.   Class 5 consists of the Allowed Secured Claim of Selene re: 1116 SW 10th Street

2.07   <u>Class 6</u>.   Class 6 consists of the Allowed Secured Claim of Deutsche re: 206 S Walnut Street

2.08   <u>Class 7</u>.   Class 7 consists of the Allowed Secured Claim of SLS re: 1070 SE 38th Terr

2.09   <u>Class 8</u>.   Class 8 consists of the Allowed Secured Claim of OneWest re: 1183 SE 40th Ave

2.10   <u>Class 9</u>.   Class 9 consists of the Allowed Secured Claim of SLS re: 1216 SW 5th Ave

2.11   <u>Class 10(a)</u>.   Class 10(a) consists of the Allowed Secured Claim of Seterus re: 1807 SW 2d Ave

2.12   <u>Class 10(b)</u>.  Class 10(b) consists of the Allowed Secured Claim of Maler re: 1807 SW 2d Ave

2.13   <u>Class 11</u>.   Class 11 consists of the Allowed Secured Claim of Caliber re: 2201 SW 28th Street

2.14   <u>Class 12</u>.   Class 12 consists of the Allowed Secured Claim of Deustche Bank re: 2418 SW 22d Cir

2.15   <u>Class 13</u>.   Class 13 consists of the Allowed Secured Claim of Rushmore re: 526-532 Orange Dr

2.16   <u>Class 14</u>.   Class 14 consists of the Allowed Secured Claim of Maler re: 4132 SE 28th Street

2.17   <u>Class 15</u>.   Class 15 consists of the Allowed Secured Claim of Maler re: 3849 S Lake Dr #173

2.18   <u>Class 16</u>.   Class 16 consists of the Allowed Secured Claim of Maler re: 3849 S Lake Dr #181

2.19   <u>Class 17</u>.   Class 17 consists of the Allowed Secured Claim of Maler re: SW 21st Street

2.20   <u>Class 18</u>.   Class 18 consists of the Allowed Secured Claim of Maler re: 7888 NW 83rd Ct

2.21   <u>Class 19</u>.   Class 19 consists of the Allowed Secured Claim of Splete re: 4126 SE 28th St

2.22   <u>Class 20</u>.   Class 20 consists of the Allowed Secured Claim of Abrams re: 1006 NW 10th Ave

2.23   <u>Class 21</u>.   Class 21 consists of the Allowed Secured Claim of Ford re: 2007 Ford Expedition

2.24   <u>Class 22</u>.   Class 22 consists of the Allowed Secured Claim of Chase re: 2007 Volvo XC90

2.25   <u>Class 23</u>.   Class 23 consists of the Allowed Secured Claim of Oak Lake Villas HoA re: 2201 SW 28th #38

2.26   <u>Class 24</u>.   Class 24 consists of the Taxing Authority Claims

2.27   <u>Class 25</u>.   Class 25 consists of the Allowed General Unsecured Claims

2.28   <u>Class 26</u>.   Class 26 consists of the Allowed Secured Claim of TD Auto re: 2006 Dodge Ram

**ARTICLE III**
**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,**
**U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS**

3.01   <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02   <u>Administrative Expense Claims</u>.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03 <u>Priority Tax Claims</u>.   Each holder of a priority tax claim will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.04.1 <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1(a) **Allowed Secured Claim of Wells re: 511 Cypress Crossing** | Impaired | Unless otherwise agreed to by the Debtors and Wells Fargo Bank, N.A., on the Effective Date, Class 1 shall receive payment in accordance with the Mortgage Modification Mediation ("MMM") program, an *Order Granting Attorney-Represented Debtor's Verified "Out of Time" Motion for Referral to Mortgage Modification Mediation* [DE#607] was entered on July 18, 2018.  To the extent the appropriate orders are entered, the Parties (Defined as the Class 1a Creditor and the Debtors) shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders and Local Rules regarding MMM.  While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-effective date plan payment, absent Court order to the contrary, of no less than that set forth in the First Alternative above as a good faith adequate protection payment to the Class 1(a) Creditor.  Until the MMM is completed and the Final Report of Loan Mitigation Mediator is filed, any objection to the Lender's Proof of Claim, if any, on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only.  The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.  If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Class 1(a) Creditor agree to a settlement as a result of any pending MMM, the Debtor will file a Motion to Approve Loan Mitigation Agreement with Class 1(a) Creditor no later than 14 calendar days following settlement.  Once the settlement is approved by the Court, the settlement will be deemed to control and serve as the means by which this Class |

| Class | Impairment | Treatment |
|---|---|---|
| *(continued)* | *(continued)* | *(continued)*<br>will be paid and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached.  The parties will then timely comply with any and all requirements necessary to complete the settlement. In the event the Debtor receives any financial benefit from the Class 1(a) Creditor as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and all interested parties.  If the Class 1(a) Creditor and the Debtors fail to reach a settlement, then the Debtors shall resume making regular payments and cure any arrearage over a 10 year period ("Second Alternative") which payment schedule will be deemed to control and serve as the means by which this Class will be paid or; within 14 days after the Final Report of the Mortgage Modification Mediator is filed, the Debtor will have the right to elect that the real property will be surrendered in which case the Class 1(a) Creditor will have in rem relief from the automatic stay as to the real property being surrendered.  Notwithstanding the foregoing, the Class 1(a) Creditor may file a motion to confirm that the automatic stay is not in effect as to the real property if either the First or Second Alternatives are not complied with, at which time the Debtor may elect to surrender the property.  Confirmation of the plan will be without prejudice to the in rem assertion of any rights the Class 1(a) Creditor has to address payment of its Proof of Claim to the extent not modified in accordance with the Second Alternative above. |
| Class 1(b)<br>**Allowed Secured Claim of Wells re: 511 Cypress** | Impaired |  Unless otherwise agreed to by the Debtors and Wells, on the Effective Date, Class 1 (b) is wholly undersecured and does not operate as a lien upon the subject property, as per the Order Granting Motion to Value at DE#618 entered on August 20, 2018, and the entire will be treated as an allowed general unsecured claim in Class 25, and will vote as a part of this class. |
| Class 2<br>**Allowed Secured Claim SLS re: 3261 SW 21st St** | 1111(b) | SLS has taken an 1111(b) election [DE#362].   Unless otherwise agreed to by the Debtors and SLS, on the Effective Date, Class 2 shall receive $133,967.19 payable at 0% interest over 300 months, less funds received in the amount of $8,036.00 for a total claim due in the amount of $125,931.19 starting on the Effective Date and the 1st of the month thereafter the Effective Date of $419.77 to SLS, as per the Agreed Order at DE#538.  This property earns $600.00 per month in rent.  Less taxes of $94.97 per month, and insurance of $66.76 per month leaves net monthly income of $18.50 proving the feasibility of this property. |

| Class | Impairment | Treatment |
|---|---|---|
| Class 3 **Allowed Secured Claim of Wells re: 1610 N Federal Hwy** | Impaired | Unless otherwise agreed to by the Debtors and Wells, on the Effective Date, Class 3 shall receive $140,000.00, LESS amounts paid in adequate protection including post-petition taxes in the amount of $9,357.82 for a total of $130,642.18, paid in 360 monthly payments starting the 1st of the month after the Effective Date of $721.41 at the rate of 5.25% interest, with the balance being treated as a general unsecured claim in Class 25, as per the pending agreed order not yet entered. Note: the interest rate is not agreed upon between parties and there remains a dispute as to the interest rate, which will be resolved at confirmation. This property earns $1,325.00 per month in rent. Less taxes of $228.50 per month and insurance of $161.42 per month leaves net monthly income of $213.67 proving the feasibility of this property. |
| Class 4 **Allowed Secured Claim of Wells re: 2901 N Halifax** | Unimpaired | Unless otherwise agreed to by the Debtors and Wells, on the Effective Date, Class 4 shall receive nothing based upon the Release of Mortgage recorded in the Public Records of Volusia County on January 25, 2016 at OR Book 7209, Page 4268 by the Creditor during the pendency of this case. To the extent any claim arises due to this recordation, it shall be treated as a general unsecured claim in Class 25. This property earns $850.00 per month in rent. Less taxes of $120.20 per month, insurance and condominium association fees of $285.97 per month, and management fee of $85.00 per month and leaves net monthly income of $358.83 proving the feasibility of this property. |
| Class 5 **Allowed Secured Claim of Selene re: 1116 SW 10th St** | Impaired | Unless otherwise agreed to by the Debtors and Selene, on the Effective Date, Class 5 shall receive $103,000.00, paid in 360 monthly payments starting the 1st of the month after the Effective Date of $568.77 at the rate of 5.25% interest, with the balance being treated as a general unsecured claim in Class 25, as per the Agreed Order at DE#545. This property earns $760.00 per month in rent. Less taxes of $148.86 per month and insurance of $42.00 per month leaves net monthly income of $0.37 proving the feasibility of this property. |
| Class 6 **Allowed Secured Claim of Deutsche re: 206 S Walnut** | Impaired | Unless otherwise agreed to by the Debtor and Deutsche, on the Effective Date, Class 6 shall receive $53,500.00, paid in 360 monthly payments starting on the 1st of the month of $295.43 at the rate of 5.25% interest, with the balance being treated as a general unsecured claim in Class 25. This Class has agreed to vote in favor of the plan as per the Agreed Order at [DE #337]. This property earns $550.00 per month in rent. Less taxes of $102.02 per month and insurance of $108.00 per month leaves net monthly income of $44.55 proving the feasibility of this property. |

| Class | Impairment | Treatment |
|---|---|---|
| Class 7<br><br>**Allowed Secured Claim of SLS re: 1070 SE 38th Terr** | Impaired | Unless otherwise agreed to by the Debtors and SLS, on the Effective Date, Class 7 shall receive $117,500 (less all pre-confirmation adequate protection payments made in accordance with DE#395), paid in 360 monthly payments starting September 1, 2016 in the amount of $648.84 at the rate of 5.25% interest, plus escrows of $204.56 with the balance being treated as a general unsecured claim in Class 25. This Class has agreed to vote in favor of the plan as per the Agreed Order at DE #395, the terms of which order are included as if fully set forth herein. This property earns $1,000.00 per month in rent. Less escrows of $204.56 per month leaves net monthly income of $146.60 proving the feasibility of this property. |
| Class 8<br><br>**Allowed Secured Claim of OneWest re: 1183 SE 40th Ave** | Impaired | Unless otherwise agreed to by the Debtor and OneWest, on the Effective Date, Class 8 shall receive $103,170.50, paid in 360 monthly payments starting the 1st of the month after the Effective Date in the amount of $559.71 at the rate of 5.25% interest, with the balance being treated as a general unsecured claim in Class 25. The Class has agreed to vote in favor of the plan as per the Agreed Order at DE #319. This property earns $1,400.00 per month in rent. Less taxes of $154.25 per month and insurance of $63.00 per month leaves net monthly income of $623.04 proving the feasibility of this property. |
| Class 9<br><br>**Allowed Secured Claim of SLS re: 1216 SW 5th Ave** | 1111(b) | SLS has taken an 1111(b) election [DE #360]. Unless otherwise agreed to by the Debtors and SLS, on the Effective Date, Class 9 shall receive $140,331.51 [CLAIM 21-1] payable at 0% interest over 300 months, less funds received in the amount of $2,863.77 for a total claim due in the amount of $137,467.74 starting on the Effective Date of $458.23. This property earns $675.00 per month in rent. Less taxes of $90.95 per month and insurance of $36.08 per month leaves net monthly income of $89.74 proving the feasibility of this property. In addition, SLS shall receive $3,396.28 for post-petition taxes paid by the Creditor, paid in 60 monthly payments, starting on the Effective Date of $56.60 per month. |
| Class 10 (a)<br><br>**Allowed Secured Claim of Seterus re: 1807 SW 2nd Ave** | 1111(b) | Seterus has taken an 1111(b) election [DE#497]. Unless otherwise agreed to by the Debtors and Seterus, on the Effective Date, Class 10 (a) shall receive $67,781.11 [Claim 7-1], paid in 300 monthly payments at the rate of 0% interest starting the 1st of the month after the Effective Date in the amount of $225.94 to Seterus. Class 10(a) shall also receive $8,351.85 for post-petition taxes paid in 60 monthly payments, starting on the Effective Date of $139.20 per month. Note: the payment term for post-petition taxes are not agreed upon between parties and there remains a dispute as to the payment term for post-petition taxes, which |

| Class | Impairment | Treatment |
|---|---|---|
| *(continued)* | *(continued)* | *(continued)* |
| | | may change and will be resolved at confirmation. This property earns $600.00 per month in rent.  Less taxes of $133.50 per month, insurance of $52.12 per month, and payment of second lien claim of $104.14 leaves net monthly income of $84.30 proving the feasibility of this property.  Note however, that the amount due in post-petition arrearages will be paid out of the general funds of the Debtors. |
| Class 10 (b)<br>**Allowed Secured Claim of Maler re: 1807 SW 2nd Ave** | Unimpaired | Unless otherwise agreed to by the Debtors and Maler, on the Effective Date, Class 10(b) shall continue to receive payment in accordance with the loan documents, as the Debtors are current on the mortgage, in the amount $104.14 until paid in full and relief from stay will be granted.  This property earns $600.00 per month in rent.  Less taxes of $133.50 per month, insurance of $52.12 per month, and payment of first lien claim of $225.94 leaves net monthly income of $84.30 proving the feasibility of this property. |
| Class 11<br>**Allowed Secured Claim of Caliber re: 2201 SW 28th Street** | 1111(b) | Caliber has taken an 1111(b) election at DE#608. Unless otherwise agreed to by the Debtors and Caliber, on the Effective Date, Class 11 shall receive $93,080.65 [Claim 12-1], paid in 300 monthly payments at the rate of 0% interest starting on the 1st of the month after the Effective Date in the amount of $310.27.  This property earns $850.00 per month in rent.  Less taxes of $71.92 per month, insurance of $16.83 per month, and HOA fees of $100.00 leaves net monthly income of $350.98 proving the feasibility of this property. |
| Class 12<br>**Allowed Secured Claim of Deutsche re: 2418 SW 22nd Cir** | Impaired | Unless otherwise agreed to by the Debtors and Deutsche, on the Effective Date, Class 12 shall receive $140,000.00, paid in 360 monthly payments payable the 1st of the month after the Effective Date in the amount of $773.09 at the rate of 5.25% interest, with the balance being treated as a general unsecured claim in Class 25, as per the Agreed Order at DE# 577.  This property earns $1,200.00 per month in rent.  Less taxes of $244.42 per month and insurance of $104.17 per month leaves net monthly income of $78.32 proving the feasibility of this property.  In addition, Deutsche shall receive $14,420.17 for post-petition taxes and insurance paid by the Creditor, paid in 60 monthly payments, starting on the Effective Date of $240.34 per month. |
| Class 13<br>**Allowed Secured Claim of Rushmore re: 526-532 Orange** | Impaired | Unless otherwise agreed to by the Debtors and Rushmore, on the Effective Date, Class 13 shall receive $7,839.00 paid in 240 monthly payments payable the 1st of the month starting on April 1, 2016 and on the first of each month after the Effective Date in the amount of $55.04 at the rate of 5.75% interest, plus $43.97 for taxes and $5.57 for hazard insurance for a total of $104.58 per month, all in accordance with this court's Order Granting Motion to Approve Loan Modification [DE #416]. This |

| Class | Impairment | Treatment |
|---|---|---|
| *(continued)* | *(continued)* | *(continued)*<br><br>property earns $700.00 per month in rent, less condominium fees of $212.45 per month, and leaves net monthly income of $382.97 proving the feasibility of this property. |
| Class 14<br><br>**Allowed Secured Claim of Maler re: 4132 SE 28th Street** | Unimpaired | Unless otherwise agreed to by the Debtors and Maler, on the Effective Date, Class 14 shall continue to receive payment in accordance with the loan documents, as the Debtors are current on the mortgage, in the amount $104.14 until paid in full and relief from stay will be granted.  This property earns $600.00 per month in rent.  Less taxes of $65.37 per month and insurance of $6.25 per month leaves net monthly income of $424.24 proving the feasibility of this property. |
| Class 15<br><br>**Allowed Secured Claim of Maler re: 3849 S Lake Drive #173** | Unimpaired | Unless otherwise agreed to by the Debtor and Maler, on the Effective Date, Class 15 shall continue to receive payment in accordance with the loan documents, as the Debtor is current on the mortgage, in the amount of $104.14 until paid in full and relief from stay will be granted.  This property earns $550.00 per month in rent.  Less taxes of $38.92 per month and condominium fees of $232.07 per month leaves net monthly income of $174.87 proving the feasibility of this property |
| Class 16<br><br>**Allowed Secured Claim of Maler re: 3849 S Lake Dr #181** | Unimpaired | Unless otherwise agreed to by the Debtor and Maler, on the Effective Date, Class 16 shall continue to receive payment in accordance with the loan documents, as the Debtor is current on the mortgage, in the amount of $104.14 until paid in full and relief from stay will be granted.  This property earns $700.00 per month in rent.   Less taxes of $38.92 per month condominium fees of $232.07 per month leaves net monthly income of $324.87 proving the feasibility of this property |
| Class 17<br><br>**Allowed Secured Claim of Maler re: SW 21st Street** | Unimpaired | Unless otherwise agreed to by the Debtor and Maler, on the Effective Date, Class 17 shall continue to receive payment in accordance with the loan documents, as the Debtor is current on the mortgage, in the amount of $104.14 until paid in full and relief from stay will be granted.  The insurance on this property is $6.25 per month and taxes $65.67 per month. |
| Class 18<br><br>**Allowed Secured Claim of Maler re: 7888 NW 83rd Ct** | Unimpaired | Unless otherwise agreed to by the Debtor and Maler, on the Effective Date, Class 18 shall continue to receive payment in accordance with the loan documents, as the Debtor is current on the mortgage, in the amount of $104.14 until paid in full and relief from stay will be granted.  The insurance on this property is $6.25 per month and taxes of $16.92 per month. |

| Class | Impairment | Treatment |
|---|---|---|
| Class 19<br><br>**Allowed Secured Claim of Splete re: 4126 SE 28th Street** | Unimpaired | Unless otherwise agreed to by the Debtors and Kenneth R. Splete, on the Effective Date, Class 19 shall continue to receive $30,000.00, payable the 1st of the month after the Effective Date in the amount of $300.00 until paid in full. This property earns $650.00 per month in rent. Less taxes of $64.50 per month, insurance of $6.25 per month, and water of roughly $40.00 per month leaves net monthly income of $239.25 proving the feasibility of this property |
| Class 20<br><br>**Allowed Secured Claim of Abrams re: 1006 NW 10th Ave** | Impaired | Unless otherwise agreed to by the Debtor and Steven & Marilyn Abrams, on the Effective Date, Class 20 shall receive $32,400.00, paid in 180 monthly payments payable the 1st of the month after the Effective Date in the amount of $260.46 at the rate of 5.25% interest. This property is proposed to earn $500.00 per month in rent. Less taxes of $43.10 per month and insurance of $102.00 per month leaves net monthly income of $94.44 proving the feasibility of this property. |
| Class 21<br><br>**Allowed Secured Claim of Ford Motor re: 2007 Ford Expedition** | Impaired | Unless otherwise agreed to by the Debtor and Ford Motor, starting November 20, 2015, Class 21 shall receive $9,921.14, paid in 36 months at 5.25% interest for a monthly payment of $298.46, with the balance being treated as a general unsecured claim in Class 25, as per this Court's order at DE#332. |
| Class 22<br><br>**Allowed Secured Claim of Chase re: 2007 Volvo XC90** | Unimpaired | Unless otherwise agreed to by the Debtor and Chase, on the Effective Date, Class 22 is paid in full. The Debtor will maintain insurance on this property in accordance with United States Trustee Guidelines. |
| Class 23<br><br>**Allowed Secured Claim of Oak Villas HoA re: 2201 SW 28th St** | Impaired | Unless otherwise agreed to by the Debtor and Oak Lake, on the Effective Date, Class 23 shall receive $440.00 in full settlement of its claims, if not already paid in full prior to the Effective Date. |
| Class 24<br><br>**Taxing Authority Claims** | Impaired | The Priority Claims related to 8-4 and 38-1 have previously been paid in full and are not owed by this Debtor. The Debtor will file an objection to these claims presuming they are not withdrawn before the deadline to file objections to proof of claims. Any remaining amount due shall be treated as a general unsecured claim in Class 24 in compliance with 11 U.S.C. §1129(a)(9)(c). |

| Class | Impairment | Treatment |
|---|---|---|
| Class 25 **Allowed General Unsecured Claims** | Impaired | On the Effective Date, holder of a Class 25 Claim will be paid 7.5% of their claim. Class 25 Claims total $1,079,480, which will be paid a total of $81,000.00 payable $350.00 per month beginning in Month 1 through Month 60 of the Plan with a $60,000.00 balloon payable in Month 61, payable from future real estate property operations. In the event any secured or administrative claims are paid in full prior to month 60, payment in the amount of the secured or administrative claim will be paid to general unsecured commencing the month after such full payment and in an amount equaling at least 90% of the prior payment made to such secured or administrative claimant. |
| Class 26 **Allowed Secured Claim of TD Auto re: 2006 Dodge Ram** | Impaired | Unless otherwise agreed to by the Debtor and TD Auto, on the Effective Date, the Debtor shall surrender the Dodge Ram and the claim will be treated and vote solely as a part of Class 25. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.  The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtors assume the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

**All Real Estate Leases.**

(b)    The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the 120th day after the effective date of this Plan.   A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION AND EFFECT OF CONFIRMATION OF PLAN

### 7.01 General

Upon confirmation of the Plan, and in accordance with the Confirmation Order, the Debtors or Reorganized Debtors, as the case may be, will be authorized to take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan. In addition to the provisions set forth elsewhere in the Plan, the following shall constitute the means for implementation of the Plan.

### 7.02 Continued Corporate Existence

Reorganized Debtors, individuals, shall after the Effective Date continue with all powers vested in individuals under the laws of the State of Florida and without prejudice to any right under Florida law; and, following the Effective Date, Reorganized Debtors may operate their business free of any restrictions imposed by the Bankruptcy Code, the bankruptcy Rules or by the Court, subject only to the terms and conditions of this Plan and Confirmation Order.

### 7.03 The Reorganized Debtors

Except as otherwise provided in the Plan and the Confirmation Order, on the Effective Date, Reorganized Debtors shall be vested with all of the property of the Estate free and clear of all Claims, liens, encumbrances, charges, and other interests, including but not limited to that of holders of Claims and holders of Equity Interests. The Reorganized Debtors shall assume all of the Debtors' rights, obligations and liabilities under the Plan.

### 7.04 Funding

Funds to be used to make cash payments under the Plan shall derive from the future earnings of the Debtors.

### 7.05 Effectiveness of Instruments and Agreements

On the Effective Date, all documents issued in this case or pursuant to the

Plan and/or any agreement entered into or instrument or document issued in connection with any of the foregoing, as applicable, shall become effective and binding upon the parties thereto in accordance with their respective terms and conditions and shall be deemed to become effective simultaneously.

### 7.06 Corporate Action

As the Debtors are natural persons, no corporate action is required.

### 7.07 Approval of Agreements

Entry of the Confirmation Order shall constitute approval of the Plan Documents and all such transactions, subject to the occurrence of the Effective Date.

### 7.08 Administration After the Effective Date

After the Effective Date, the Reorganized Debtors may operate their business, and may use, acquire, and dispose of their property, free of any restrictions of the Code and Rules.

### 7.09 Term of Bankruptcy Injunction or Stays

All injunctions or stays provided for in the Case under sections 105 or 362 of the Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

### 7.10 Revesting of Assets

Except as otherwise provided in the Plan, pursuant to section 1141 of the Code, the property of the Estate of the Debtors, including, without limitation, the Actions shall revest in the Reorganized Debtors on the Effective Date, free and clear of all Liens, Claims and interests of holders of Claims and Equity Interests, except as otherwise provided in the Plan or the Confirmation Order.

### 7.11 Causes of Action

As of the Effective Date, pursuant to section 1123(b)(3)(B) of the Code, any and all Actions accruing to the Debtors and Debtors in Possession, including, without limitation, actions under sections 510, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Code, shall become assets of the Reorganized Debtors, and the Reorganized Debtors and/or the Plan Administrator, as the case may be, shall have the authority to commence and prosecute such Actions for the benefit of the Estate. Specifically, the Reorganized Debtors, shall continue to prosecute any Action pending on the Effective Date. Further, section 547 of the Code enables a debtor in possession to avoid transfers to a creditor, based upon an antecedent debt, made within ninety (90) days of the petition date, which enables the creditor to receive more than it would under a liquidation. Creditors have defenses to the

avoidance of such preferential transfers based upon, among other things, the transfers having occurred as part of the debtors' ordinary course of business, or that subsequent to the transfer the creditor provided the debtor with new value. The Reorganized Debtors and/or the Plan Administrators, as the case may be, will analyze payments made by the Debtors to creditors within ninety (90) days (or in the case of insiders, one year) before the Commencement Date (as set forth in item 3(a) in the Debtors' Statement of Financial Affairs) to determine which such payments may be avoidable as preferential transfers under the Code and, if appropriate, prosecute such actions.

After the Effective Date, the Reorganized Debtors shall have the authority to compromise and settle, otherwise resolve, discontinue, abandon or dismiss all such Actions with the approval of the Court. Prior to Confirmation, the Debtors shall file a schedule of potential Avoidance Actions, if any.

### 7.12 <u>Discharge of Debtors</u>

Except as otherwise provided herein or in the Confirmation Order, the rights afforded herein and the treatment of all Claims and equity interests herein shall be in exchange for and in complete satisfaction, discharge and release of Claims and equity interests of any nature whatsoever, including any interest accrued on such Claims from and after the Commencement Date, against the Debtors and the Debtors in Possession, the Estate, any of the assets or properties under the Plan.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### 7.13 <u>Injunction Related to Discharge</u>

*Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against the Debtors are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtors on account of any such Claim, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtors or against the property or interests in property of the Debtors on account of any such Claim, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors or against the property or interests in property of the Debtors on account of any such Claim. Such injunctions shall extend to successors of the Debtors and their respective properties and interests in property.*

### 7.14 Injunction Against Interference with the Plan

*Upon the entry of a Confirmation Order with respect to the Plan, all holders of Claims and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan, except with respect to actions any such entity may take in connection with the pursuit of appellate rights.*

### 7.15 Votes Solicited in Good Faith

The Debtors have, and upon confirmation of the Plan shall be deemed to have, solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and on account of such solicitation will not, be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02    Effective Date of Plan. The effective date of this Plan is the fourteenth day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01.  Discharge.    Except   as   otherwise   provided   herein   or   in   the Confirmation Order, the rights afforded herein and the treatment of all Claims and  equity  interests  herein  shall  be  in  exchange  for  and  in  complete satisfaction, discharge and release of Claims and equity interests of any nature whatsoever, including any interest accrued on such Claims from and after the Commencement Date, against the Debtors and the Debtors in Possession, the Estate, any of the assets or properties under the Plan.  Confirmation of this Plan does  not  discharge  any  debt  provided  for  in  this  Plan  until  the  court  grants  a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

By: _Bartholomew F. Caso_
Bartholomew F. Caso

By: _Amalia E. Caso_
Amalia E. Caso

**THE ASSOCIATES**

By:  _/s/ David Lloyd Merrill, Esq._
DAVID LLOYD MERRILL, Esq.
Florida Bar No. 99155
1525 Prosperity Farms Road
West Palm Beach, FL 33403
(o) +1.561.877.1111
dlmerrill@theassociates.com
Attorneys for Debtors